UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:  ERIKA V. BECKER, *et al.*

                              Debtors.

**Chapter 7**
Case No.  23-25123

LISA GOLDMAN,

                              Plaintiff,

v.

ERIKA V. BECKER,

                              Defendant.

Adversary No. 24-2007

---

**ATTORNEY GOLDMAN'S CORRECTED RESPONSE
TO COURT ORDER, DOCKET 46**

---

The Court issued an Order, Dkt. 46, ordering attorney Goldman to submit a letter to the Court explaining the reason for her absence at the zoom hearing yesterday.  This corrected response fixed the caption and the citation to the indemnity statute, Wis. Stat. § 895.46, not 895.446.

I had a meeting with a client that ran about 20 mins beyond the start time of the zoom conference in this matter.  I logged into the zoom at 1:54 p.m. and waited 20 minutes.  I called the Court's office and asked about the zoom after waiting 20 minutes in the zoom waiting room.  I was informed by the clerk that the Court and Becker waited 10 minutes, conducted the hearing within 5 minutes and ended the conference before I logged into the zoom.  I apologize for the tardy appearance.

I intended to update the Court during the zoom conference yesterday on the status of the indemnity action before Judge Ehlke in Dane County Circuit Court.  The

1

State of Wisconsin filed a motion to dismiss asserting several arguments including the argument that Plaintiffs do not have a right to seek indemnification, only Watson does, and listing Watson as an involuntary plaintiff does not negate the State's immunity, only Watson has the right to bring a claim pursuant to Wis. Stat. § 895.46. Watson also filed a motion to dismiss, pro se, asserting she did not want to seek indemnification, asserting she did not sexually assault Carter, seeking an order from the court reducing Carter's judgment at issue in this bankruptcy proceeding, and seeking a further reduction in the attorney's fees awarded by Judge Ludwig, among other arguments. Plaintiffs (Carter, Davey & Goldman Law Firm, and Cade Law Group) responded to the State's and Watson's motions to dismiss and reply briefs were filed by the moving parties. The briefing in that matter has concluded and the Court, Judge Ehlke, set the matter for an oral ruling on August 18, 2025, at 3:00 p.m.

As previously argued before this Court, the state indemnity claim should resolve this matter in this Court should Judge Ehlke reach the merits of the indemnity claim as that result would be binding on the parties in this matter. Given the procedural posture of Watson filing a motion to dismiss and refusing to seek indemnification for the current judgment and attorney's fees, this process is more complicated than it needs to be.

Again, I do apologize for my tardy appearance for yesterday's zoom hearing.

Dated: June 18, 2025

                                                                           DAVEY & GOLDMAN

                                                                           /s/ Lisa C. Goldman
Lisa C. Goldman, SBN 1029893
Davey & Goldman
5609 Medical Circle, Suite 101
Madison, WI 53719
(608) 630-9700 (telephone)
(608) 205-5645 (facsimile)
lgoldman@daveygoldman.com (email)

Attorneys for Plaintiff Lisa C. Goldman

I hereby certify that on Wednesday, June 18, 2025, I electronically filed a Response to the Court's Order regarding yesterday's zoom conference, PDF Formatted, with the Clerk of Court for the Eastern District of Wisconsin Bankruptcy Court using the CME/ECF system. All other parties are represented by attorneys who are registered user of the United States District Court Eastern District of Wisconsin Bankruptcy Court CME/ECF system. A written copy has also been mailed to Ms. Becker at her home address.

Dated: June 18, 2025

DAVEY & GOLDMAN

/s/ Lisa C. Goldman
Lisa C. Goldman, SBN 1029893
Davey & Goldman
5609 Medical Circle, Suite 101
Madison, WI 53719
(608) 630-9700 (telephone)
(608) 205-5645 (facsimile)
lgoldman@daveygoldman.com (email)

Attorneys for Plaintiff